THE STATE, DEFENDANT IN ERROR, v. STANLEY
SYMOWITZ, PLAINTIFF IN ERROR.

Submitted January 28, 1927—Decided April 8, 1927.

Crimes—Assault and Battery With Intent to Kill—Objection to
Charge to Jury, the Objectionable Part Being Reproduced
in Full—Judge Distinctly Warned the Jury Not to Let His
Belief Take the Place of Theirs—This is Enough to Support
the Charge Against the Omnibus Attack.

On error to the Hudson Quarter Sessions.

Before Justices PARKER, BLACK and CAMPBELL.

For the state, *John Milton,* prosecutor of the pleas.

For the plaintiff in error, *George E. Cutley.*

PER CURIAM.

Plaintiff in error was convicted on an indictment for assault
and battery with intent to kill, and brings this writ of error.
Of the nine assignments of error and eight causes for re-
versal (which are identical with the first eight assignments)
only one appears to be relied on, *i. e.,* the sixth, which is here
reproduced entire.:

"6. The court in charging the jury erred, in that it charged
the jury as follows:

" 'The state, as I say, produced not only the witness O'Con-
nor, but it produced the witness Gleason, who testified, as
they produced a third witness, Thomas Silvay. You heard
that gentleman's testimony on the stand. How did he im-
press you? Do you think he told the truth, gentlemen of the
jury? You will remember I cautioned you against receiving
the evidence that had been drawn from him by the state
in the first instance, and told you to disregard his testimony
so far as it was brought out in his direct examination by Mr.
Cutley, and I told you to regard only his testimony from

the time it was brought out by Mr. Cutley and the subsequent redirect examination by Mr. George. The state maintained it was surprised at the character of the testimony this witness offered; in other words, they did not expect him to give that testimony and there was surprise. Therefore, under the case of the State *v.* D'Adams, I allowed the prosecutor to cross-examine for the purpose of trying to get at the truth, and I, therefore, cautioned you, and I now caution you, to disregard that portion of his testimony brought out in the first instance by Mr. George and to wipe that off the slate entirely. Now, Gentlemen of the jury, how far after, in the examination by Mr. Cutley, and the subsequent examination by Mr. George, did that witness tell the truth? Do you think that he told the truth * * * the man who had been on trial, who said he was in that place and knew the man who fired the shot, but he could not recall his name but he could tell him if he saw him? Do you believe that man was telling the truth? I personally do not believe it, but gentlemen do not accept my belief as a substitute for yours; do not allow it to take the place of yours. You may believe it, but after all, gentlemen of the jury, you, as I have stated before, are the judges of the credibility of the witnesses. Now, do you believe that this man was absent or do you believe that he was present and that he fired the shot?' "

The case is submitted on briefs, and, as we read the brief for the plaintiff in error, complaint is made of this lengthy excerpt, or of parts thereof, in the following particulars:

1. Asking the jury whether they believed Silvay's testimony, in such form as to give them the impression that the judge himself did not believe it; and later stating plainly his disbelief.

2. In discussing the testimony at all; the proposition apparently being that as the court had instructed the jury to disregard Silvay's examination in chief, that of itself removed also from the case the cross and the redirect.

3. In reiterating the instruction given in the course of the trial, that the jury were to disregard said examination in chief.

We do not feel called upon to decide the second or third of these questions, for the rule is settled (and it is a sound rule imposing no hardship) that a cause for reversal or assignment of error, attacking as erroneous a lengthy excerpt from the charge, which contains several distinct propositions, is ineffective if one of said propositions is well founded in law. *State* v. *Spallone,* 97 *N. J. L.* 221; *State* v. *Bove,* 98 *Id.* 350, 355; *affirmed, Id.* 576. Referring to the extract copied above, the further rule is settled in this state that the court in commenting on testimony may properly express his own opinion of its veracity, so long as the jury is left free to use its own judgment in that regard.

Hence, there was no error in that respect, as the judge distinctly warned the jury not to let his belief take the place of theirs. We do not look further; this is enough to support the excerpt as against an omnibus attack in disregard of the rule invoked in *State* v. *Spallone, supra.*

The judgment will be affirmed.